UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALLY A. FREDERICK,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>          Defendant. | Case No. C11-2007-BAT<br><br>**ORDER ON PLAINTIFF'S MOTION FOR EAJA FEES** |

Sally Frederick moves for $7220.59 in attorney fees and supplemental fees, and $350 in expenses and costs under the Equal Access to Justice Act ("EAJA"). Dkt. 18, 22. The Commissioner opposes the motion arguing his position was substantially justified, and that the fee request is unreasonable. Dkt. 20 at 3.

The Court may award EAJA fees if (1) the plaintiff is the prevailing party; (2) the government has failed to show its positions during the case were substantially justified or that special circumstances make such an award unjust; and (3) the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(1)(A); *see e.g., Perez–Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

Ms. Frederick is a prevailing party as the Court reversed and remanded the Commissioner's final decision, under sentence four, for further administrative proceedings. *See*

ORDER ON PLAINTIFF'S MOTION FOR
EAJA FEES - 1

Dkt. 15; *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (an applicant for benefits is a prevailing party upon procuring a sentence-four remand for further administrative proceedings). The Commissioner does not dispute this but argues EAJA fees should be denied because the government's position was substantially justified.

To meet the "substantially justified" standard, the government must advance a position justified to a degree that could satisfy a reasonable person. *See Pierce v. Underwood*, 487 U.S. 552, 565, (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). In other words, the government's position must have had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565; *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). By this measure, the government was substantially justified in most of its positions as the Court rejected most of Ms. Frederick's claims. Ms. Frederick's opening brief [1] raised the following claims:

(1)    Whether the ALJ properly found that Ms. Frederick's anxiety disorder was not a severe impairment?

(2)    Whether the ALJ provided a sufficient basis for rejecting the opinion of examining doctor Wayne Dees, Psy.D.?

(3)    Whether the ALJ provided a sufficient basis for rejecting the opinions of reviewing doctors Jerry Gardner, Ph.D., and Richard Borton, Ph.D.?

(4)    Whether the ALJ provided a sufficient basis for rejecting the opinion of mental health clinician Anne Imbs Olsen, MSW?

(5)    Whether the ALJ provided a sufficient basis for rejecting the opinion of Angela Han, ARNP?

(6)    Whether the ALJ provided a sufficient basis for rejecting the opinion of mental health counselor Lauren Portman?

(7)    Whether the ALJ provided a sufficient basis for rejecting the testimony of lay witnesses?

(8)    Whether the ALJ properly assessed Ms. Frederick's credibility?

---

[1] Dkt. 12 at 2.

ORDER ON PLAINTIFF'S MOTION FOR
EAJA FEES - 2

The Court found the ALJ did not err as to claims 1, 2, 3, and 6.  The government was thus substantially justified in its position as to these claims.  The Court found the ALJ erred as to claims 4 and 5.  Dkt. 15.  These claims involved ARNP Han's and mental health clinician Olson's opinions that Ms. Frederick had marked impairments in her ability to deal with stress and concentrate and that she had memory problems.  Dkt. 15 at 12.  The Court found the ALJ erred in failing to mention or discuss these opinions and that the failure was not harmless.  In determining a claimant's RFC, an ALJ must assess all the relevant evidence, including medical reports and witnesses's descriptions of limitation, to determine what capacity the claimant has for work.  *See* 20 C.F.R. § 416.945(a).  The ALJ in this case failed consider Ms. Han's and Ms. Olson's opinions without explanation.  As there is no factual or legal basis for the ALJ's failure or the government's defense of the ALJ's actions, the Court concludes the government was not substantially justified as to claims 4 and 5.

As to claim 7, the ALJ found the lay testimony was inconsistent with the medical evidence.  The Court did not find the ALJ erred but concluded whether the ALJ's finding is supported by substantial evidence would depend on the findings the ALJ made on remand.  *Id*. at 13.  And finally as to claim 8, the Court found the ALJ gave one valid and one invalid reason to discount Ms. Frederick's credibility.  The Court found it could not say the invalid reason was harmless and remanded the issue for the ALJ to reassess when the ALJ reevaluated ARNP Han's and mental health counselor Portman's opinions.  *Id.* at 15.

In a situation such as this where the Court rejects some of the arguments of the prevailing party, and finds the government's position as to the rejected arguments was substantially justified, the Court may adjust the fee award to ensure the award is reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983).  In this circuit, courts apply the principles set forth in *Hensley v.*

ORDER ON PLAINTIFF'S MOTION FOR
EAJA FEES - 3

*Eckerhart*, to determine what constitutes a reasonable fee award under the EAJA. *See Costa v. Comm'r of Soc. Sec.*, 690 F3d 1132, 1135 (9th Cir. 2012). After calculating the hours reasonably expended multiplied by an appropriate hourly rate, the Court may adjust the fee award to ensure the award is reasonable. *Hensley*, 461 U.S. at 434. However, the most important factor in making this determination is the degree of success obtained by counsel. *Id*. "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id*. When the plaintiff has only partially succeeded, the Court must first determine whether the successful claims were related to or separate from the claims on which plaintiff did not prevail. *Id*. Then the Court must determine whether "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id*.

The degree of success Ms. Frederick achieved does not justify the amount of EAJA fees requested. First, the Court rejected claims 1, 2, 3, and 6 in which Ms. Frederick argued the ALJ erred at step two and in assessing the medical evidence. These arguments were separate from Ms. Frederick's other arguments that the ALJ erred in failing to consider Ms. Han's and Ms. Olson's opinions without explanation (claims 4 and 5), in that claims 1, 2, 3, and 6 could be raised whether claims 4 and 5 were raised. The two sets of claims are somewhat related in that the Court is required to examine the entire record. *Thomas v. Barnhart*, 278 F3d 947 (9th Cir. 2002). But the Court's duty to examine the entire record is a poor measure to determine whether claims are separate or not in making an EAJA fee finding. If the duty to examine were a basis, there would be no separation between successful and unsuccessful claims and the Court would always have to award full EAJA fees regardless of the degree of success claimant achieved.

Second, as relief Ms. Frederick's primary request was that the Court remand the matter

ORDER ON PLAINTIFF'S MOTION FOR
EAJA FEES - 4

1 for an award of benefits. Dkt. 12 at 22. She did not achieve that. She did achieve her secondary

2 request that the matter be remanded for further proceedings. But given the Court's Order, the

3 scope of remand is limited. The Court rejected Ms. Frederick's step-two argument and thus the

4 ALJ's findings as to her severe impairments stand. The Court also rejected her arguments about

5 the opinions of Drs. Dees, Gardner, and Bolton, and the opinion of Ms. Portman, MSW. Thus

6 what remains on remand is a reevaluation of the opinions of Ms. Han and Ms. Olson and any

7 potential impact the reevaluation has on the testimony of the lay witnesses and Ms. Frederick.

8 Accordingly, the Court finds Ms. Frederick's EAJA fee request should be tempered by

9 her partial success. The Commissioner suggests Ms. Frederick's limited success justifies

10 reducing the requested $6,761.26 in fees to $4,174.35. Dkt. 20 at 8-9. The Court finds this 40%

11 adjustment is appropriate in light of the Court's rejection of at least 50% of Ms. Frederick's

12 claims and the limited scope of remand. Additionally, this reduction is appropriate because some

13 of Ms. Frederick's arguments were not supported by the record, or were conclusory and

14 insufficient. A fee request for time spent on unsupported or conclusory arguments is not

15 reasonable.

16 Because Ms. Frederick was partially successful in defending against the government's

17 challenge to her request, she is also entitled to supplemental fees commensurate with the degree

18 of success she achieved. *See e.g., Wagner v. Shinseki*, 640 F3d 1255, 1261 (Fed. Cir. 2011).

19 Consistent with the discussion above the Court reduces Ms. Frederick request for supplemental

20 fees of $359.33 to $215.60.

21 For the foregoing reasons, the Court grants the motion (Dkt. 18) for EAJA fees and costs,

22 ///

23 ///

ORDER ON PLAINTIFF'S MOTION FOR
EAJA FEES - 5

in part, and **ORDERS**:

| | | | |
|---|---|---|---:|
| | (1) | EAJA fees: | $4,174.35 |
| | (2) | Supplemental request for fees: | $215.60 |
| | (3) | Expenses and costs: | $350.00 |
| | | **TOTAL** | **$4739.95** |

If the U.S. Department of the Treasury determines Ms. Frederick's EAJA fees are not subject to any offset allowed under the Treasury offset program as discussed in *Astrue v. Ratliff*, 552 U.S. 1193 (2010), payment of this award shall be made to Ms. Frederick's attorney, Schroeter, Goldmark & Bender.

DATED this 10th day of December, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION FOR
EAJA FEES - 6